## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

KELLY STATEN,

      Plaintiff,

v.                                  CIVIL ACTION NO.

ENHANCED RECOVERY CORPORATION,

      Defendant.

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

KELLY STATEN ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against ENHANCED RECOVERY CORPORATION ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. (FDCPA).

2.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.      Defendant conducts business in the state of Maryland, and therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person residing in Baltimore, Baltimore County, Maryland, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation located in Tallahassee, Florida.

9.      Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10.      Defendant is placing collection calls to Plaintiff in attempt to collect on a personal consumer debt owed to HSBC.

11.      In or around December of 2010, Defendant began placing collection calls to Plaintiff from 800-390-7585 and 800-496-8513.

12.      On or about December 20 of 2010, Ms. Douglas ("Douglas"), called Plaintiff from 800-390-7585 and stated that she was calling regarding an HSBC card with reference number 39852460.

13.      Plaintiff and Douglas had an approximately 30 minute conversation in which Douglas wanted to know how Plaintiff was going to pay the full balance today.

14.      During the course of this conversation, Plaintiff repeatedly told Douglas that he was unable to pay.

15.     Douglas suggested that Plaintiff borrow 5 dollars from a relative or church member and make payment.

16.     Plaintiff explained to Douglas that he is sick, and that he was having asthma attacks and breathing problems while talking to her as a result of her continued persistence.

17.     Plaintiff told Douglas that his left arm started bothering him and she told him to take a break and use his oxygen and nebulizer so that he could breathe.

18.     Douglas told Plaintiff that she is sorry about his health, and again stated that she wanted to know how he was going to pay this bill.

19.     Despite the aforementioned conversation and Plaintiff's instruction that he is unable to pay, Defendant continues to place collection calls to Plaintiff almost daily.

20.     Plaintiff repeatedly informed Douglas through the course of their conversation that he could not pay the bill, yet Defendant continues to place collection calls to Plaintiff almost daily.

21.     On February 11, 2011, Plaintiff's attorneys contacted Defendant and informed it of their representation of Plaintiff.

22.     Despite the knowledge that Plaintiff was represented by Krohn & Moss, Defendant continued to place collection calls to Plaintiff on February 14, 15, and 16, leaving collection voicemails each time.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23.     Defendant violated the FDCPA based on the following:

a.  Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff after Defendant knew Plaintiff was represented by Krohn & Moss, and had knowledge of Plaintiff's attorney's name and contact information.

b.  Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

c.  Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff, KELLY STATEN, respectfully requests judgment be entered against Defendant, ENHANCED RECOVERY CORPORATION, for the following:

24. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

26. Any other relief that this Honorable Court deems appropriate.

Respectfully Submitted,

Dated:  March 18, 2011

By: /s/ Frederick Nix
Frederick Nix, Esq.
Law Office of Fredrick E. Nix
240 S Potomac Street
Hagerstown, MD 21740
Phone:  (888) 221-6685
Fax:  (888) 599-8707
fredrick.nix@attorneynix.com
Attorney for Plaintiff

Of Counsel
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KELLY STATEN, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF MARYLAND

COUNTY OF BALTIMORE)

Plaintiff, KELLY STATEN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KELLY STATEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____                    _____
Date                                                              KELLY STATEN

5